# EXHIBIT 1



November 14, 2019

Mark Goodman, CPA
Gelfand, Rennert & Feldman, LLC
1880 Century Park East, #1600
Los Angeles, CA  90067
Email: ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

Peter T. Paterno, Esq., Brent A. Canter, Esq.
King, Holmes, Paterno & Soriano, LLP
1900 Avenue of the Stars
Twenty Fifth Floor
Los Angeles, CA 90067
Emails: ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

Martin Singer, Esq.
Lavely & Singer
2049 Century Park East
Suite 2400
Los Angeles, CA 90067
Email: ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

Michael B. Singer
Comiter, Singer, Baseman & Braun
3801 PGA Blvd, Suite 604
Palm Beach Gardens, FL  33410
Email: ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

*VIA EMAIL AND FEDERAL EXPRESS*

**Re:**   *Demand for Return of Soundgarden Audio Files*

Dear Counsel and Representatives of Vicky Cornell:

As at least some of you know, this law firm represents Soundgarden, a Washington General Partnership.  We are delivering this letter to all of you given our uncertainty as to the appropriate representative to address and coordinate the issues set forth herein.

We have been informed by our clients that your client, Vicky Cornell, is in possession of certain audio files belonging to Soundgarden ("Soundgarden files").  The Soundgarden files were stored on at least one laptop hard drive that was in Chris Cornell's possession at the time of his tragic passing. Mr. Cornell had been working on the files in a collaborative effort with the other members of Soundgarden, and the entire band was feeling very positive about their rekindled artistic energy and creativity.  We understand that, unfortunately, most or all of the Soundgarden files are unique (*i.e.*, not stored elsewhere in a form accessible to the Soundgarden partners).



We understand that the Soundgarden files consist of any number of files, but include the following known master recordings, which may exist in multiple forms (e.g., from demo and rough recordings, to more polished versions). To be clear, it is Soundgarden's position that any music content (instrumental and/or vocals, demos or rough recordings) stored on the hard drive by any or all members of Soundgarden (including any recordings containing only the performances of Chris Cornell intended for Soundgarden) constitutes Soundgarden partnership property:

| Title | Finished Vocals | Songwriters | Running Time |
|---|---|---|---|
| Road Less Travelled | Yes | Chris Cornell/Matt Cameron | 4:10 |
| Orphans | Yes | Chris Cornell/Matt Cameron | 3:18 |
| At Ophians Door | Yes | Chris Cornell/Matt Cameron | 5:05 |
| Cancer | Yes | Chris Cornell | 4:00 |
| Stone Age Mind | Yes | Chris Cornell | 4:22 |
| Ahead of the Dog | Yes | Chris Cornell/Kim Thayil | 3:47 |
| Merrmas | Yes | Chris Cornell/Ben Shepherd | 4:32 |

By this letter, Soundgarden demands that Ms. Cornell return the Soundgarden files to Soundgarden.

We are hopeful that this issue can be resolved easily and voluntarily. We do note that this formal demand letter follows several previous attempts to obtain the Soundgarden files from Ms. Cornell. For example, we understand that Matt Cameron and Ms. Cornell engaged in a series of text messages in late January and early February 2019 in which Ms. Cornell acknowledged her custody of the Soundgarden files and stated that "I will have to sort a time to have the hard drive



sent back to Tom so he can extract the SG files to send to you." We understand from subsequent emails that Ms. Cornell discussed returning the Soundgarden files with Peter Paterno in February 2019. However, the Soundgarden files were never returned to Soundgarden.

Matt Cameron again requested return of the Soundgarden files by email to Ms. Cornell in late July 2019. Ms. Cornell's response to this request was to take the position, in an email dated July 27, 2019, that she "will not release anything without proper set up and without say in the management…"

With respect, and again for the sake of clarity, this is not a legally justifiable position. Ms. Cornell has no valid standing or other basis to retain partnership property to the exclusion of Soundgarden, or to condition her return of such property. Under Washington general partnership law, Ms. Cornell is not even a partner in Soundgarden, but following Mr. Cornell's passing is considered a "transferee" of Mr. Cornell's "transferable interest" in the partnership.[1] Ms. Cornell therefore has no associated management or other such partnership rights.[2]

Ms. Cornell simply has no ownership rights in this partnership property.[3] Indeed, pursuant to Washington law, even full partners are not considered co-owners of partnership property and have no legally recognized interest in partnership property which is transferrable, either voluntarily or involuntarily.[4] Property acquired by the partnership is property of the partnership and not of the partners individually.[5] A partner may use or possess partnership property only on behalf of the partnership.[6]

We trust that you agree that this is a time-sensitive and important matter . Ms. Cornell's custody of the Soundgarden files - which are important partnership intellectual and artistic property – although perhaps-well intended, is improper, and Ms. Cornell clearly has no right to retain this property, or to attempt to leverage this unfortunate circumstance against Soundgarden to obtain concessions or benefit to which she is not otherwise legally entitled.

---

[1] *See* Washington's Revised Uniform Partnership Act ("RUPA"), codified in Chapter 25.05 of the Revised Code of Washington ("RCW"), RCW 25.05.210(1)(c). This "transferable interest" entitles Vicky Cornell to (i) Chris Cornell's share of partnership profits and losses, and (ii) Chris Cornell's right to receive distributions to which he would have been entitled. *See* RCW 25.05.205.

[2] *See* RCW 25.05.150(9). Specifically, Vicky Cornell is not entitled to participate in the management or conduct of the band's business, to access information about the band's transactions, or to inspect or copy the band's books or records. *See* RCW 25.05.210(1)(c).

[3] *See* RCW 25.05.150(9).

[4] *See* RCW 25.05.200.

[5] *See* RCW 25.05.060.

[6] *See* RCW 25.05.150(7).



Under the circumstances, Soundgarden demands that the Soundgarden files be returned within seven (7) days. I am available to discuss with the coordinating representative the technical manner of transfer.

I look forward to hearing back confirming your client's agreement at the earliest opportunity.

        Very truly yours,

        Ray Garcia, Esq.

cc: Jill Berliner, Esq.
   Matt Cameron
   Ben Shepherd
   Kim Thayil
   Jerome Crooks