**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No: 1:19-CIV-25045-MARTINEZ/OTAZO-REYES

Vicky Cornell, individually and in her capacity as the Personal Representative of the Estate of Christopher John Cornell *a/k/a* Chris Cornell,

    Plaintiffs,

v.

Soundgarden, a purported Washington General Partnership, Kim A. Thayil, Matt D. Cameron, Hunter Benedict Shepherd, Rit Venerus and Cal Financial Group, Inc.

    Defendants.
_____/

**PLAINTIFFS' CROSS-NOTICE OF TELEPHONIC**
**DISCOVERY HEARING ON AUGUST 5, 2020**

Plaintiffs respectfully file this cross-notice of telephonic discovery hearing on **August 5, 2020 at 3:30 p.m.** Plaintiffs intend to raise the following discovery issues at the hearing:

1. Plaintiffs seek a ruling that Soundgarden waived the right to challenge Plaintiffs' objections to RFP Nos. 80-84. Under the Local Rules, all discovery disputes must be presented to the Court within 30 days from the "objection to the discovery request that is the subject of the dispute." S.D. Fla. L.R. 26.1(g)(1). Here, Plaintiffs objected to RFP Nos. 80-84 on ***March 30, 2020***. Further, in its April 11, 2020 letter, Soundgarden confirmed that, with respect to RFP Nos. 80-84, "the Soundgarden Defendants only insist on the production of responsive files related to the seven 'Unreleased Sound Recordings' listed in the Complaint." Indeed, for months, Soundgarden's unwavering position has been that all discovery should be limited to the seven Unreleased Sound Recordings. This was Soundgarden's position as late as July 2, 2020, when it

served Amended Interrogatory Responses reiterating that any discovery beyond the seven Unreleased Sound Recordings "is not relevant to any party's claim or defense[.]" By waiting until *July 6, 2020* to flip-flop and demand the production of documents relating to other conspicuously unidentified songs, Soundgarden has waived its right to challenge Plaintiffs' objections.[1]

2.  In the event the Court compels Plaintiffs to produce certain discovery, it should likewise compel the Soundgarden Defendants to produce discovery on the same issues, ***as Soundgarden has objected to producing the very discovery it seeks to compel from Plaintiffs***. Specifically, the Soundgarden Defendants have repeatedly objected to discovery relating to: (a) songs other than the seven Unreleased Sound Recordings; and (b) the "I Am the Highway: A Tribute to Chris Cornell" charity concert. Plaintiffs agree that those topics are not currently relevant to the parties' claims or defenses.[2] But the Soundgarden Defendants now inconsistently seek to compel discovery from Plaintiffs on those exact topics. *See* ECF No. 91 at ¶ 1 (seeking to compel documents responsive to RFP Nos. 80-84 relating to other songs); & ¶ 3(b) (seeking to compel documents responsive to RFP Nos. 70-72 relating to the charity concert). The Soundgarden Defendants cannot have it both ways. If the Court finds that Plaintiffs must produce discovery on these topics, it should compel the Soundgarden Defendants to do so as well. *See, e.g.*, Plaintiffs' Interrogatory Nos. 5-6, 8-9, and 12-14 (relating to other songs) &

---

[1] Contrary to Soundgarden's assertions (*see* ECF No. 91 at ¶ 1), the Counterclaim filed on May 6, 2020 does not render Soundgarden's challenge timely. As an initial matter, the Counterclaim expressly references the seven Unreleased Sound Recordings and does not identify any other songs. (*See* ECF No. 68, Countercl. at ¶ 50). Thus, discovery still is properly limited to the same seven songs listed in the Complaint. In any event, more than 30 days had already passed before Soundgarden filed the Counterclaim, and then Soundgarden waited another two months to raise this specific issue with Plaintiffs for the first time on July 6, 2020.

[2] On July 15, 2020, Soundgarden voluntarily withdrew its charity concert claims after receiving a Rule 11 motion from Plaintiffs. (*See* ECF No. 90).

Plaintiff's Second Set of RFP Nos. 8-20 (relating to the charity concert).

3. The Soundgarden Defendants' refusal to provide deposition dates for the named defendants Hunter Benedict Shepherd and Kim Thayil. Plaintiffs have repeatedly requested the availability of these parties (including on June 2, July 16, and August 1), but the Soundgarden Defendants have refused to provide available dates.

### CERTIFICATE OF GOOD FAITH CONFERRAL

Plaintiffs have complied with the pre-filing conference required by Southern District of Florida Local Rule 7.1(a)(3) with the Soundgarden Defendants.

Dated: August 3, 2020
      Miami, Florida

Respectfully submitted,

| **PRYOR CASHMAN LLP**<br>*Attorneys for Plaintiffs*<br>201 South Biscayne Boulevard, Suite 2700<br>Miami, Florida 33131<br>Telephone: (786) 582-3010<br>Facsimile: (786) 582-3004<br><br>By: s/ *James G. Sammataro*<br>James G. Sammataro<br>Florida Bar No. 520292<br>jsammataro@pryorcashman.com<br>Brendan S. Everman<br>Florida Bar No. 68702<br>beverman@pryorcashman.com | **LAVELY & SINGER PROFESSIONAL CORPORATION**<br>*Attorneys for Plaintiffs*<br>2049 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Telephone: 310-556-3501<br>Facsimile: 310-556-3615<br><br>By: *s/ Martin D. Singer*<br>Martin D. Singer<br>(admitted pro hac vice)<br>mdsinger@lavelysinger.com<br>David Jonelis, Esq.<br>(admitted pro hac vice)<br>djonelis@lavelysinger.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2020 a copy of the foregoing Notice of Telephonic Hearing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ James G. Sammataro*
James G. Sammataro